

**FILED**

MAR 09 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. W-09-CR-191 |
| Plaintiff, | § § § | **SECOND SUPERSEDING INDICTMENT** |
| v. | § § | [Vio: COUNT ONE: 21 U.S.C. § 846 {21 U.S.C. § 841(a)(1) & 841 (b)(1)(A)(viii)}: Conspiracy to Possess with Intent to Distribute at Least 500 Grams of Methamphetamine, a Schedule II Controlled Substance; COUNT TWO: 18 U.S.C. § 1956(h): Conspiracy to Commit Money Laundering] |
| ROBERT BARRY SALTER (6), JOHN MILLIGAN (8),   aka Johnny Yahoo DWIGHT BAKER (9),   aka Danny TOMMY SCOTT (10),   aka Scotty Scott JAMES JOHNSON (11), PATRICIA SOLARES (12),   aka Patricia Betancourt,   aka Patricia Regalado, SERGIO PADRON (13), JADE KUHN (14) | § § § § § § § § § § | |
| Defendants. | § § | |

THE GRAND JURY CHARGES:

## COUNT ONE
[21 U.S.C. § 846 {21 U.S.C. § 841(a)(1) & 841 (b)(1)(A)(viii)}]

Beginning in at least July 2007, the exact date unknown, and continuing until the present time, in the Western District of Texas and elsewhere, Defendants,

ROBERT BARRY SALTER,
JOHN MILLIGAN,
aka Johnny Yahoo,
DWIGHT BAKER,
aka Danny,
TOMMY SCOTT,
aka Scotty Scott,
JAMES JOHNSON,
PATRICIA SOLARES,
aka Patricia Betancourt,
aka Patricia Regalado,
SERGIO PADRON,

**JADE KUHN,**

and others, both known and unknown to the Grand Jury, did unlawfully and willfully combine, conspire, confederate, and agree together and with each other and others, to possess with intent to distribute a controlled substance, which offense involved at least 500 grams of a mixture or substance containing a detectable amount of Methamphetamine, a Schedule II Controlled Substance, contrary to Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(viii), and in violation of Title 21, United States Code, Section 846.

### COUNT TWO
### [18 U.S.C. 1956(h)]

Beginning in at least July 2007, the exact date unknown, and continuing until the present time, in the Western District of Texas and elsewhere, Defendants,

**ROBERT BARRY SALTER,**
**JOHN MILLIGAN,**
aka Johnny Yahoo,
**DWIGHT BAKER,**
aka Danny,
**TOMMY SCOTT,**
aka Scotty Scott,
**JAMES JOHNSON,**
**PATRICIA SOLARES,**
aka Patricia Betancourt,
aka Patricia Regalado,
**SERGIO PADRON,**
**JADE KUHN,**

and others, both known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree together and with each other and others, to commit an offense as defined by Title 18, United States Code, Section 1956(a)(1), namely, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct or attempt to conduct such a financial transaction, affecting interstate and foreign commerce, which

in fact involved the proceeds of specified unlawful activity, that is, the felonious receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 846,

- with the intent to promote the carrying on of the said specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and
- knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

### The Scheme, Manner, and Means of the Conspiracy

The conspiracy was executed in the following manner and through the following means:

Beginning in at least July 2007, **ROBERT BARRY SALTER, JOHN MILLIGAN (aka Johnny Yahoo), DWIGHT BAKER (aka Danny), TOMMY SCOTT (aka Scotty Scott), JAMES JOHNSON, PATRICIA SOLARES (akas Patricia Betancourt and Patricia Regalado), SERGIO PADRON, JADE KUHN**, and others began to acquire quantities of Methamphetamine, a Schedule II Controlled Substance, for distribution. The controlled substances were transported through the Western District of Texas and elsewhere.

In order to facilitate this illegal enterprise, **ROBERT BARRY SALTER, JOHN MILLIGAN (aka Johnny Yahoo), DWIGHT BAKER (aka Danny), TOMMY SCOTT (aka Scotty Scott), JAMES JOHNSON, PATRICIA SOLARES (akas Patricia Betancourt and Patricia Regalado), SERGIO PADRON, JADE KUHN**, and others, upon receipt of the controlled substances, would then "front" the controlled substances (the practice of buying and selling narcotics on consignment) to distributors. The controlled substances were delivered to

other distributors including persons who would distribute the controlled substances and transport the currency in the Western District of Texas, Waco Division. The controlled substances would eventually be sold and the currency collected. The currency would then be delivered to the distributors and forwarded on to the suppliers.

The currency generated from the sale of controlled substances was used to purchase assets. Some of these assets were used to further the ongoing illegal activity. Other assets were placed in nominee names to conceal their true ownership and control. All in violation of Title 18, United States Code, Section 1956(h).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE

### I.
### Controlled Substance Forfeiture Statutes and Violations
[Title 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), subject to forfeiture pursuant to Fed.R.Crim.P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (a)(2)]

As a result of the foregoing criminal violations as set forth in Count One, which are punishable by imprisonment for more than one year, **DEFENDANTS ROBERT BARRY SALTER, JOHN MILLIGAN (aka Johnny Yahoo), DWIGHT BAKER (aka Danny), TOMMY SCOTT (aka Scotty Scott), JAMES JOHNSON, PATRICIA SOLARES (akas Patricia Betancourt and Patricia Regalado), SERGIO PADRON, and JADE KUHN** shall forfeit to the United States the below-described property, pursuant to Title 21 U.S.C. §§ 853(a)(1) and (a)(2), which state the following:

> **Title 21 U.S.C. § 853(a).  Criminal forfeitures**
> **(a) Property subject to criminal forfeiture**
> Any person convicted of a violation of this subchapter or subchapter II of this chapter shall forfeit to the United States . . .
> > (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> > (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

This Notice of Demand for Forfeiture includes but is not limited to the property described below in paragraphs III and IV.

## II.
### Money Laundering Forfeiture Statutes and Violations
[Title 18 U.S.C. 1956(h) subject to forfeiture pursuant to Fed.R.Crim.P. 32.2 and Title 18 U.S.C. § 982(a)(1)]

As a result of the foregoing criminal violations as set forth in Count Two, which are punishable by imprisonment for more than one year, **DEFENDANTS ROBERT BARRY SALTER, JOHN MILLIGAN (aka Johnny Yahoo), DWIGHT BAKER (aka Danny), TOMMY SCOTT (aka Scotty Scott), JAMES JOHNSON, PATRICIA SOLARES (akas Patricia Betancourt and Patricia Regalado), SERGIO PADRON, and JADE KUHN**, shall forfeit to the United States of America the below-described property, pursuant to Title 18 U.S.C. § 982(a), which states the following:

> **Title 18 U.S.C. § 982.   Criminal forfeiture**
> (a)(1) The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

This Notice of Demand for Forfeiture includes but is not limited to the property described below in paragraphs III and IV.

## III.
### Real Property

A. **All right, title and interest of DEFENDANT DWIGHT BAKER (aka Danny) in the following real property is subject to forfeiture to the United States of America:**

Real property located at **713 Fenimore, Irving, Dallas County, Texas**, whose legal description is Lot three (3), in Block "B," of Bellview Addition, an addition to the City of Irving, Texas, according to the Map or Plat recorded in Vol. 10, P. 181, Map Records of Dallas County, Texas.

B. **All right, title and interest of DEFENDANT PATRICIA SOLARES (akas Patricia**

Betancourt and Patricia Regalado) in the following real property is subject to forfeiture to the United States of America:

Real property located at **8611 Mattie Lane, Ellis County, Waxahachie, Texas**, whose legal description is Lot 6, Block C, of La Vista Estates, Phase Two, an Addition in Ellis County, Texas, according to the Plat thereof recorded in Cabinet E, Slide 200, Plat Records, Ellis County, Texas. RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY FOR ALL OF THE AFOREMENTIONED REAL PROPERTY: Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property.

### IV.
### Money Judgment

As a result of the foregoing criminal violations as set forth in Counts One (1) and Two (2), **DEFENDANTS ROBERT BARRY SALTER, JOHN MILLIGAN (aka Johnny Yahoo), DWIGHT BAKER (aka Danny), TOMMY SCOTT (aka Scotty Scott), JAMES JOHNSON, PATRICIA SOLARES (akas Patricia Betancourt and Patricia Regalado), SERGIO PADRON, and JADE KUHN**, shall forfeit to the United States, pursuant to Title 21 U.S.C. §§ 853(a)(1) and 853(a)(2) and Title 18 U.S.C. § 982(a)(1), the following described Money Judgment of Forfeiture:

A sum of money equal to eight hundred and ten thousand Dollars in United States currency ($810,000) representing the amount of proceeds obtained, directly or indirectly, as a result of the violations set out in the above described Counts and for which **DEFENDANTS ROBERT BARRY SALTER, JOHN MILLIGAN (aka Johnny Yahoo), DWIGHT BAKER (aka Danny), TOMMY SCOTT (aka Scotty Scott), JAMES JOHNSON, PATRICIA SOLARES (akas Patricia Betancourt and Patricia Regalado), SERGIO PADRON, and JADE KUHN** are jointly and severally liable.

### V.
### Substitute Assets
[Title 18 U.S.C. § 982(b)(2) and Title 21 U.S.C. § 853(p);
see Fed.R.Crim.P. 32.2]

If any of the real and/or personal properties or money judgment described above as being

subject to forfeiture for violations of Title 18 U.S.C. § 1956(h), Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846 and subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1) and Title 21 U.S.C. §§ 853(a)(1) and (a)(2), as a result of any act or omission of **DEFENDANTS ROBERT BARRY SALTER, JOHN MILLIGAN (aka Johnny Yahoo), DWIGHT BAKER (aka Danny), TOMMY SCOTT (aka Scotty Scott), JAMES JOHNSON, PATRICIA SOLARES (akas Patricia Betancourt and Patricia Regalado), SERGIO PADRON, and JADE KUHN**:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third person;
    c.    has been placed beyond the jurisdiction of the Court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property to include the properties listed, up to the value of said forfeitable property and money judgment described above in Paragraph IV.

A TRUE BILL.

_Mary Jo Leakell_
FOREPERSON

JOHN E. MURPHY
United States Attorney

By: _____
SEAN M. CONDRON
Assistant United States Attorney

SEALED __X__
UNSEALED____

**PERSONAL DATA SHEET**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

DATE: __03-09-2010__   MAG CT. #_____   CASE NO. __W-09-CR-191__
COUNTY: __McLENNAN__

CHIEF JUDGE WALTER S. SMITH, JR.
ASSISTANT U. S. ATTORNEY _____SEAN M. CONDRON_____

DEFENDANT: __JADE KUHN (14)__   DOB: __12-20-1979__

CITIZENSHIP:   United States __X__   Mexican ____   Other _____
INTERPRETER NEEDED: Yes ____   No __X__   Language _____

DEFENSE ATTORNEY: _____

DEFENDANT IS:   In Jail __NO__   WHERE: _____
                On Bond __NO__

PROSECUTION BY:   INFORMATION ____   INDICTMENT ____
                  SECOND SUPERSEDING INDICTMENT __X__ (Adding Defs 12-14)

OFFENSE: (Code & Description) __COUNT ONE: 21 U.S.C. 846 {21 U.S.C. 841(a)(1) & 841(b)(1)(A)(viii) – Conspiracy to Possess With Intent to Distribute at Least 500 Grams of Methamphetamine, a Schedule II Controlled Substance; COUNT TWO: 18 U.S.C. 1956(h) – Conspiracy to Commit Money Laundering__

OFFENSE IS:   FELONY __X__   MISDEMEANOR _____

MAXIMUM SENTENCE: __COUNT ONE: Not less than 10 years nor more than life custody; $4,000,000 fine; $100 special assessment; at least 5 years TSR; COUNT TWO: Not more than 20 years custody; not more than $500,000 fine or twice the value of the property involved in the transaction, whichever is greater; $100 special assessment; not more than 5 years TSR__

PENALTY IS MANDATORY:   YES concerning:
                        Special Assessment and TSR
                        Mandatory Minimum

REMARKS: Steve Pennington, IRS-CID; Brian Shutt, Irving PD